UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

COMPLIANCE EDUCATION INSTITUTE, LLC,

*Plaintiff,*

v.

DIXON HUGHES GOODMAN LLP and
INSTITUTE OF INTERNAL AUDITORS,

*Defendants.*

-------------------------------------------------------------------x

CIVIL ACTION NO. 18-cv-00877

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Compliance Education Institute, LLC ("CEI" or "Plaintiff") brings the following claims of copyright infringement against Defendants Dixon Hughes Goodman LLP ("DHG") and the Institute of Internal Auditors ("IIA")(collectively, DHG and the IIA are referred to as "Defendants").

## THE PARTIES

1. Plaintiff is a New Jersey limited liability company having a principal office at 31 Seward Drive, Ocean, New Jersey.

2. Upon information and belief, Defendant DHG is a North Carolina limited liability partnership that conducts systematic and continuous business in New York and has a corporate office located at 4 World Trade Center, 150 Greenwich St., 44th Floor, New York, New York.

200902

3. Upon Information and belief, Defendant IIA is a New York corporation that conducts systematic and continuous business in New York and operates a chapter located in New York, New York and another chapter in Westchester County, New York, which, *inter alia*, regularly produce and promote educational and networking events for IIA members in this judicial district.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. § 1331 and § 1338(a), in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to copyrights.

5. Upon information and belief, each Defendant is subject to personal jurisdiction of the Court because it resides, has agents, does or transacts business, or is otherwise found, and has purposefully availed itself of the privilege of doing business in the State of New York and this District.

6. Because, upon information and belief, each Defendant resides, has a regular and established place of business in this District, or may be found in this District, venue is proper in this District pursuant to 28 U.S.C. § 1400(a). Alternatively, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because each Defendant has a regular and established place of business in this District or may be found in this District.

## THE PARTIES' DISPUTE

7. At great effort and expense, involving more than 2000 man-hours of painstaking research and writing since 2013, CEI has developed a six-hour Certified Regulatory Vendor Program Manager course for continuing professional education credit (the "Course").

8. The Course has been approved by the American Bankers Association/Institute of Certified Bankers and has been taken by nearly 1,100 individuals representing over 600 companies in six countries.

9. CEI has also offered the Course privately at major banks including State Street Bank and First Republic Bank, and offers it each Spring and Fall at the Risk and Compliance School for the Credit Union National Association.

10. The Course has been invaluable in establishing and growing CEI's credibility and reputation in the industry.

11. The Course has been registered with the U.S. Copyright Office, Reg. No. TX 0008325257. Copies of the individual sections comprising the Course are attached as Exhibits 1, 2, 3, 4, 5, 6, 7 and 8 to this Complaint.

12. Upon information and belief, a DHG manager, Mike Blevins, took the Course from CEI and received his CRVPM designation on January 2, 2015.

13. Without plaintiff's consent, beginning in or around March 2017, Defendant DHG published and distributed promotional materials entitled "Vendor Management/Third Party Risk" ("DHG Materials") under the byline of DHG partner Chris Ricchiuto, including on the dhgllp.com website, and in the DHG Views e-newsletter. A copy of the DHG Materials is attached as Exhibit 9 to this Complaint. DHG manager Blevins was not credited by DHG on the DHG Materials.

14. Without plaintiff's consent, Defendant IIA subsequently published and distributed the DHG Materials on the website of the IIA's chapter in Charlotte, North Carolina, under the byline of both Chris Ricchiuto and DHG manager Blevins.

15.  The DHG Materials are substantially similar to, and in some cases verbatim copies of, the Course, including without limitation similarities in language, overall structure, and selection and arrangement of topics.  A comparison showing some of the more extensive verbatim copying between the Parties' works is attached as Exhibit 10 to this Complaint.

16. The copying is pervasive throughout the DHG Materials and no attribution of any kind is provided to CEI by either Defendant.

17. The DHG Materials infringe CEI's valuable federal copyright in the Course. The similarities are so striking and numerous that the infringement can only be the result of willful copying.

18. DHG's decision to conceal the involvement of its manager, Mike Blevins, in the preparation of the DHG Materials is further indicative of willful infringement.

19. Shortly after learning of the publication of the DHG Materials, Plaintiff communicated with DHG through counsel and sought to resolve the dispute.

20. Plaintiff's efforts to resolve the dispute have been unsuccessful.

21. The Defendants' conduct is unlawful. It is proscribed by the United States Copyright Act.  In this action, Plaintiff seeks damages attributable to the infringement.

## COUNT I: COPYRIGHT INFRINGMENT

22. Plaintiff incorporates by reference paragraphs 1 through 21, and re-alleges them here as though fully set forth herein.

23. The Course is an original work of authorship fixed in a tangible medium of expression that constitutes a literary work pursuant to 17 U.S.C. § 102(a), subject to copyright protection under the Copyright Act, U.S.C. §§ 101 *et seq.*

24. Plaintiff is the owner of all rights, including copyright, in the Course.

25. Plaintiff's exclusive rights to the Course extend to each protectable component of the Course, and include the exclusive right to create and exploit derivative works.

26. Plaintiff has the right and standing to enforce his exclusive rights to the Course and its copyrightable component parts.

27. At all times material hereto, Plaintiff has duly complied with all of the provisions of the copyright laws of the United States applicable to the Course.

28. Defendants had access to the Course prior to their creation and dissemination of the DHG Materials, including without limitation through Mr. Blevins' attendance of the Course in January 2015.

29. By producing, transmitting, and distributing the DHG Material Defendants have reproduced, prepared derivative works based upon, publicly displayed, and distributed copies of substantial portions of the Course or derivative works thereof, without Plaintiff's permission or authorization.

30. Defendants' conduct constitutes infringement upon Plaintiff's exclusive rights to reproduce, prepare derivative works based upon, publicly display, and distribute the Course all in violation of 17 U.S.C. §§ 106 and 501.

31. Upon information and belief, one or more Defendants' infringement was intentional, deliberate, willful, malicious, and in blatant disregard of Plaintiff's exclusive rights.

32. Defendants' infringing conduct has caused Plaintiff to suffer damages and harm, including, but not limited to, lost derivative market exploitation opportunity, lost revenues and profits, loss of attribution, and other damages, the exact nature of which will be proven at trial.

33. Plaintiff is entitled to an award against Defendants for the recovery of Defendants' profits attributable to the infringement and/or Plaintiff's actual damages, or other damages pursuant to 17 U.S.C. §§ 504 and 505.

34. Plaintiff is entitled to the disgorgement of Defendants' profits or other revenues attributable to distribution of the DHG Material.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Course, in violation of 17 U.S.C. §§ 106 and 501;

2. That Defendants be required to account to Plaintiff for any and all profits derived from and attributable to their exploitation of the Course, worldwide;

3. That Defendants be ordered to pay over to Plaintiff all damages, including future damages, that Plaintiff has sustained, or will sustain, as a consequence of the acts complained of herein and that Plaintiff be awarded any profits derived by Defendants as a result of and attributable to said acts;

4. For leave to amend this Complaint, including by adding parties and claims and by amending this prayer for damages, and otherwise, as the facts and circumstances may warrant from time to time;

5. That Plaintiff be awarded pre-judgment interest on any damages awarded in this action;

6. That Plaintiff be awarded its costs and attorney's fees in connection with this action to the extent permitted by law;

7. For trial by jury of all issues so triable; and

8. That Plaintiff have such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands trial by jury of all issues so triable.

This 31st day of January, 2018.

>s/ Robert W. Clarida/
>Robert W. Clarida
>REITLER KAILAS & ROSENBLATT LLC
>885 Third Ave, 20th Floor
>New York, New York 10022
>Tel. 212-209-3044
>Email: rclarida@reitlerlaw.com
>
>*Counsel for Plaintiff*